SAMUEL, Judge.
Plaintiff, Eckerd Drugs of Louisiana, Inc., filed suit against defendant, Greenland Vistas, Inc., to cancel a lease held by it on certain premises located in Southgate Mall Shopping Center, in Alexandria, Louisiana[1] on the ground that defendant had breached the lease contract.
The defendant answered denying breach of the lease contract. A short time before trial, plaintiff vacated the leased premises and defendant filed a reconventional demand seeking to compel plaintiff to resume its operations or to pay an amount equal to all rents under the lease.
After a trial on the merits, judgment was rendered in favor of plaintiff decreeing the lease dissolved. Defendant has appealed from that judgment.
The basis for plaintiff’s suit is threefold. It complains a large pylon constructed by defendant obscured the public’s view of its sign, thereby rendering the sign of no practical value; the construction of the pylon resulted in water backing into its store from a moderate rain and standing in front of the store so that people could not enter without getting their feet wet; and it also complains of removal of a canopy over a pedestrian walkway between its store and another store in the shopping center.
The pylon was constructed by defendant in an effort to improve the shopping center premises and attract more people to it. No notice was given plaintiff prior to construction of the pylon.
On March 26,1976, shortly after construction of the pylon began, plaintiff’s representatives sent a letter to defendant requesting it cease that construction and submit drawings for plaintiff’s review. On March 29,1976 plaintiff sent a mailgram to defendant informing it the “mall sign structure will totally block our store facade sign and further hide our store.” After receiving more detailed plans, it was obvious defendant did not intend to replace the canopy previously removed and plaintiff again requested the work to cease by letter of April 1, 1976 which protested the proposed pylon because it would block approximately two-thirds of plaintiff’s facade sign and protested the removal of a three foot metal canopy which provided weather protection for its exterior entrance.
The evidence adduced establishes that the pylon constructed by defendant substantially blocked the view of plaintiff’s sign, which was located in front of its door. The evidence also establishes that moderate rains caused water to go into plaintiff’s store, and after the rain subsided water remained standing for a substantial period of time. This caused plaintiff’s customers to have wet feet when entering the store.
Plaintiff relies on various provisions of the lease to support its argument that the actions of defendant breached the lease and authorized rescission thereof.
For example, the landlord agreed it would “not permit the disturbance of, nor interference with, the tenant’s quiet enjoyment of the leased premises.” In another section the lease provided “landlord agrees there shall be unobstructed use of sidewalks, driveways and roadways for automotive and pedestrian traffic to and from tenant’s buildings and adjacent public streets and highways.” In addition, defendant agreed to perform certain maintenance, including removal of standing water. Finally, the landlord clearly agreed that plaintiff “shall have the right at its own cost and *1133 expense to erect and maintain signs advertising its business on the exterior of the leased premises in compliance with controlling governmental requirements.”
Civil Code Article 2692 provides:
“The lessor is bound from the very nature of the contract, and without any clause to that effect:
1. To deliver the thing leased to the lessee.
2. To maintain the thing in a condition such as to serve for the use for which it is hired.
3. To cause the lessee to be in a peaceable possession of the thing during the continuance of the . lease.” LSA-C.C. Art. 2692.
Plaintiff concedes not every breach of a lease will entitle a tenant to dissolve it under this article. However, it cites numerous cases which dissolve a lease when a landlord’s breach is “substantial” or “material”.[2]
The trial judge did not pass upon the removal of the canopy over the sidewalk, but instead based his decision upon the location of the pylon and the water caused to stand in front of plaintiff’s door after the pylon was constructed. He obviously concluded these were substantial and material breaches of defendant’s lease and granted dissolution thereof. What is a substantial or material breach of a lease, particularly in this case, is a question of fact which will not be disturbed on appeal in the absence of a showing of manifest error on the part of the trial court.[3] Here, we agree with the trial court.
Defendant attempts to establish plaintiff’s real motive to dissolve the lease was failure of the store to meet its economic projections and expectations. This argument is encompassed in the trial judge’s finding of fact. Moreover, the Supreme Court has allowed dissolution of a lease even where the inconvenience resulting from the alleged disturbance would be too small to authorize a claim for damages.[4]
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. Plaintiff is the assignee of the lease, Eckerd’s Alexandria, Inc., and defendant is the assignee of the original lessor. A substitution agreement was executed between the parties, and we will discuss subsequent parties to the lease unless otherwise stated.

.See, for example, Friendly Finance v. CefaLu Realty Investment, Inc., La.App., 278 So.2d 584; Reed v. Classified Parking System, La. App., 232 So.2d 103.

. Canter v. Koehring Company, La., 283 So.2d 716.

. See Dehan v. Youree, 161 La. 806, 109 So.2d 198.